Pérez, Promovente y Apelante, v. Pérez et al., Opositores
y Apelados.

Apelación procedente de la Corte de Distrito de Mayagüez
en un caso sobre declaración de dominio.

Moción de los opositores y apelados para que se desestime
la apelación.

No. ——.—Resuelto en marzo 24, 1915.

Exposición del Caso.—Pliego de Excepciones—Deber del Secretario.—La
Ley No. 70 de 1911 enmendando el artículo 299 del Código de Enjuicia-
miento Civil, impone claramente al secretario del tribunal donde se archive
una exposición del caso o un pliego de excepciones, el deber de dar cuenta
con él, el mismo día o al siguiente, y sin esperar gestión alguna de las partes,
al juez que ha de impartirle su aprobación a fin de que fije la fecha de la com-
parecencia de las partes a ese objeto.

Desestimación de Apelación—Regla 59 de la Corte Suprema.—El solo trans-
curso de los 90 días fijados en la regla 59 para poder solicitar la desestima-
ción del recurso de apelación, no es bastante para que así se acuerde, sino
que es necesario además que se demuestre que la apelación es frívola o que
no se ha procedido con la debida diligencia.

Los hechos están expresados en la opinión.

Abogado de los opositores y apelados: Sr. José Benet.

El promovente-apelante no compareció.

El Juez Asociado Sr. Aldrey, emitió la opinión del tri-
bunal.

La parte apelada nos ha pedido que desestimemos la ape-
lación que la parte contraria ha interpuesto en este caso
aduciendo como fundamento de su moción que desde el 22
de agosto último, en cuya fecha la parte apelante radicó
en la Secretaría de la Corte de Distrito de Mayagüez la rela-
ción del caso, no ha hecho gestión alguna para formalizar
su apelación; y de una certificación librada por el secre-
tario de dicho tribunal, acompañada con la moción de deses-
timación, resulta que la parte apelante presentó en la fecha

indicada, dentro de la prórroga que se le había concedido, la relación del caso en el pleito, la cual se encuentra pendiente de aprobación por no haber hecho el apelante gestión alguna para que fuera remitida al Hon. Juez Hutchison, que entendió en el juicio de dicho pleito, para ser aprobada.

La ley número 70 de 1911 enmendando el artículo 299 del Código de Enjuiciamiento Civil impone claramente al secretario del tribunal donde se archiva una exposición del caso o relación de hechos o un pliego de excepciones el deber de dar cuenta con él, el mismo día o al siguiente, al juez que ha de impartirle su aprobación a fin de que fije la fecha de la comparecencia de la partes con ese objeto, por lo que el secretario debió cumplirlo en este caso sin esperar gestión de las partes.

En cuanto al motivo alegado en la moción como fundamento para la desestimación pretendida, ya hemos resuelto antes de ahora en varios casos al interpretar la regla 59 de las de esta Corte Suprema, *Vega et al.* v. *Rodríguez et al.*, 19 D. P. R., 1003, 1004; *Belaval* v. *Todd, Alcalde de San Juan*, 21 D. P. R., 441, que el sólo transcurso de los noventa días en ella fijados para poder solicitarse la desestimación del recurso de apelación no es bastante para que nosotros la acordemos, sino que es necesario además que se nos demuestre que la apelación es frívola o que no se ha proseguido con la debida diligencia, lo que no se ha hecho en este caso y por tanto la moción de desestimación debe ser desestimada.

*Desestimada la moción.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. Hutchison no intervino.